UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH WILSON,

    Plaintiff,

v.                                                                                    Civil Case No. 22-11622
                                                                                    Hon. Linda V. Parker

JOHN D. O'HAIR, et al.,

    Defendants.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

### I.

Plaintiff Kenneth Wilson, a state prisoner currently confined at the Oaks Correctional Facility in Manistee, Michigan, filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff alleges Defendants John D. O'Hair, Clarice (Jobes) Williams, Robert L. Agacinski, Ulysses W. Boykin, and Andrea M. Christensen-Brown were without jurisdiction to prosecute or judge his 1980 criminal case, lacked licenses to practice law in Michigan, and committed fraud against him and the court. (ECF No. 1 at Pg ID 13–14.) Plaintiff seeks an injunction vacating his criminal convictions as well as monetary damages. Plaintiff was granted *in forma pauperis* status. (ECF No. 4.) Because the complaint is frivolous, it will be summarily dismissed.

## II.

In 1980, Plaintiff was convicted by a Wayne County jury on three counts of assault with intent to commit murder, Mich. Comp. Laws § 750.83; and one count of the use of a firearm in the commission of a felony. Mich. Comp. Laws § 750.227b. *See Wilson v. Grant*, 877 F. Supp. 380, 385 (E.D. Mich. 1995) (Appendix). Plaintiff is serving "an aggregate sentence of life in prison." *In re: Kenneth Wilson*, No. 19-2393, slip op. at 1 (6th Cir. May 15, 2020).

Plaintiff asserts Defendants violated his rights under the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. (ECF No. 1 at Pg ID 1.) He alleges Defendants—the prosecutors and the actual and successor judges who presided over his criminal case—were not properly licensed to practice law and never registered as foreign agents. (*Id.* at Pg ID 3.) As a result, they perpetrated a fraud upon the court and upon Plaintiff himself, and they lacked jurisdiction to preside over his criminal case. (*Id.* at Pg ID 3, 13–14.)

Plaintiff requests his convictions be vacated. (*Id.* at Pg ID 14.) He also seeks compensatory damages of $50,000,000, to be imposed jointly and severally; as well as punitive damages of $10,000,000 against each Defendant individually. (*Id.*)

Plaintiff raised essentially identical arguments in a 2019 application for a writ of habeas corpus. (*Compare* ECF No. 1, Pg ID 4–9 *to* Case No. 19-13348,

ECF No. 1, Pg ID 11–15.) Following the transfer of his habeas case to the Sixth Circuit (Case No. 19-13348, ECF No. 4), that court denied Plaintiff authorization to file a second or successive habeas petition in two separate cases, because his petition did not rely on a new rule of constitutional law, *In re: Kenneth Wilson*, No. 19-2393, slip op. at 3 (6th Cir. May 15, 2020); nor did it "identify any new, previously undiscoverable facts that demonstrate his actual innocence." *In re: Kenneth Wilson*, No. 21-2761, slip op. at 3 (6th Cir. Dec. 15, 2021).

### III.

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to dismiss sua sponte a prisoner's complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010) (citing 28 U.S.C. §§ 1915(e), 1915A(b); 42 U.S.C. § 1997e(c)). The screening requirement extends to all prisoner civil cases, whether fee-paid or *in forma pauperis*, "as the statute does not differentiate between civil actions brought by prisoners." *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997).

The dismissal standard under the PLRA is equivalent to that of Federal Rule of Civil Procedure 12(b)(6), as clarified by *Ashcroft v. Iqbal*, 556 U.S. 662 (2009),

3

and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). When evaluating a complaint under that standard, courts "construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations as true, and examine whether the complaint contains 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Hill v. Snyder*, 878 F.3d 193, 203 (6th Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 570).

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957); Fed. R. Civ. P. 8(a)(2)). Courts need not "accept as true a legal conclusion couched as a factual allegation[,]" and any "naked

4

assertion[s]" require "further factual enhancement" to comply with Rule 8(a). *Id.* at 555, 557.

To state a civil rights claim under 42 U.S.C. § 1983, "a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (citation omitted).

A pro se civil rights complaint is to be construed liberally. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, pro se litigants are not permitted to forego "basic pleading essentials" in their complaints. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (citing *Haines*, 404 U.S. at 521).

## IV.

Plaintiff's primary request for relief is that his conviction be vacated. (ECF No. 1 at Pg ID 14.) However, Section 1983 has long been deemed an impermissible alternative to the "traditional remedy of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). That is, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier

5

release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Id.*

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a prisoner could not "recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" as long as the underlying conviction remained intact. *Id.* at 486. The Court held that such a claim was barred unless "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 487. Absent such a reversal or invalidation of the conviction, the court must dismiss the complaint. *Id.*

The Supreme Court extended *Heck*'s bar on § 1983 complaints meant to circumvent onerous habeas requirements beyond actions for money damages. *Thomas v. Eby*, 481 F.3d 434, 438 (6th Cir. 2007). "'[A] state prisoner's § 1983 action is barred . . . —no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.'" *Id.* at 439 (emphasis in original) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005)). Because

6

Plaintiff does not allege that his conviction has been overturned, expunged, or called into question by a writ of habeas corpus, his allegations against the defendants—which all relate to his criminal prosecution and conviction—are barred.

The proper instruments to challenge a plaintiff's criminal conviction are a direct appeal, a state post-conviction relief motion, or a petition for a federal writ of habeas corpus. *See Messa v. Rubin*, 897 F. Supp. 883, 885 (E.D. Pa. 1995); *see also Bey v. Gulley*, No. 02-71395, 2002 WL 1009488, at *2 (E.D. Mich. May 6, 2002). However, the Court will not convert the civil rights complaint into a petition for a writ of habeas corpus. *Parker v. Phillips*, 27 F. App'x 491, 494 (6th Cir. 2001); *Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999); *Murphy v. Martin*, 343 F. Supp. 2d 603, 610 (E.D. Mich. 2004). A petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 and a civil action brought under 42 U.S.C. § 1983 implicate different parties, fees, procedural requirements; as well as different standards for relief. *See Parker*, 27 F. App'x at 494; *see also Moore v. Pemberton*, 110 F.3d 22, 23–24 (7th Cir. 1997).

The Complaint is also subject to dismissal because it consists entirely of conclusory legal allegations without factual support. Courts that have addressed complaints by other Michigan prisoners raising similar legal theories on which Plaintiff relies—regarding "foreign agents," the legal and historical basis for bar

7

licenses, and the resulting lack of court jurisdiction—have consistently dismissed such claims on that basis. *See, e.g.*, *Hart v. Berghuis*, No. 1:07-CV-966, 2008 WL 2704745, at *2 (W.D. Mich. July 9, 2008) (holding the complaint failed to state a claim and was barred by *Heck*, *supra*, and referring to the plaintiff's same allegations as "quasi-legalistic ramblings"); *Gauna v. Berghuis*, No. 1:07-CV-898, 2007 WL 4969423, at *1 (W.D. Mich. Dec. 19, 2007), *report and recommendation adopted*, No. CIV. 2007-898, 2008 WL 584946 (W.D. Mich. Feb. 28, 2008) (same); *see also Lowe v. U.S. Atty. Gen.*, No. CIV. 1:08-CV-24, 2008 WL 724684, at *2 (W.D. Mich. Mar. 17, 2008) (dismissing complaint as frivolous and barred by *Heck*).

Ordinarily, dismissals pursuant to *Heck* are without prejudice to a plaintiff filing a petition for habeas corpus. *See Sampson v. Garrett*, 917 F.3d 880, 882 (6th Cir. 2019). However, because the Sixth Circuit has found Plaintiff's attempt to raise the same frivolous grounds for habeas relief did not merit authorization of a second or successive habeas petition, the Court will dismiss the complaint with prejudice.

## V.

For the reasons stated above, the complaint (ECF No. 1) is summarily **DISMISSED WITH PREJUDICE** for failure to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e), 1915A(b).

**IT IS FURTHER ORDERED** that any appeal taken by Plaintiff could not be brought in good faith, and therefore a certificate of appealability is **DENIED**; as is leave to appeal *in forma pauperis*.

**IT IS SO ORDERED**.

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: January 4, 2023

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, January 4, 2023, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan<br>
Case Manager